937 F.2d 622
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re FRANKLIN SPORTS INDUSTRIES, INC., Petitioner.
 Misc. No. 305.
 United States Court of Appeals, Federal Circuit.
 May 3, 1991.
 ORDER
 
 1
 Franklin Sports Industries, Inc. petitions for writ of mandamus to direct the United States District Court for the Eastern District of Virginia to vacate its order permitting STX, Inc. to amend its complaint a few weeks before trial.
 
 
 2
 This matter stems from STX's suit alleging that Franklin is infringing five of STX's patents. Discovery had closed and trial was set for May 28, 1991. On April 16, a new patent was issued to STX. STX moved for leave to amend its complaint to add infringement of the recently issued patent. On April 19, a magistrate granted the motion over Franklin's objection. Franklin appealed the magistrate's order to the district court. On April 26, the district court affirmed the magistrate's order and permitted limited discovery, i.e., "leave to depose Plaintiff's experts within seven (7) days." Franklin is scheduled to take the depositions of the three inventors named in the new patent between May 1 and May 3. The discovery period for the newly issued patent ends on May 3.
 
 
 3
 Here, Franklin argues that it will not have any meaningful opportunity to establish its defenses to infringement where discovery has effectively been limited to three days and that the granting of the motion to amend was an abuse of discretion.
 
 
 4
 The remedy of mandamus is a drastic one to be invoked only in extraordinary situations. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). In order to insure that a writ will issue only in extraordinary circumstances, a party seeking issuance of a writ must show that its right to issuance is clear and indisputable and that it has no other adequate means to attain the relief it desires. Allied, 449 U.S. at 35. In Allied, the Supreme Court stated that a trial court's discretionary ruling on a motion (in that case an order granting a new trial) will:
 
 
 5
 rarely, if ever, justify issuance of a writ of mandamus. On the contrary, such an order is not an uncommon feature of a trial which goes to verdict. A litigant is free to seek review of the propriety of such an order in direct appeal after the final judgment has been entered. Consequently it cannot be said that the litigant "has no other adequate means to seek the relief [it] desires."
 
 
 6
 Allied, 449 U.S. at 36.
 
 
 7
 Here, the district court exercised its discretion in ruling on a motion to amend. Such discretionary rulings are not subject to interlocutory review. Petitioner has not shown sufficient basis for the extraordinary intrusion it requested into the trial management process. Accordingly, we deny Franklin's petition for writ of mandamus.
 
 
 8
 Nonetheless, we are not without sympathy for Franklin's plight in regard to discovery. That the district court would not consider changing its trial date is understandable. But that trial date is only a month away. We assume that the trial court had sufficiently compelling reasons to warrant so severely limiting the discovery period.
 
 
 9
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 10
 Franklin's petition for writ of mandamus is denied.